Filed 10/21/14  P. v. Ventura CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN CESAR RAMIREZ VENTURA,<br><br>    Defendant and Appellant. | 2d Crim. No. B253888<br>(Super. Ct. No. 1387054)<br>(Santa Barbara County) |

Juan Cesar Ramirez Ventura appeals from the judgment following his conviction by jury of assault with intent to commit rape during a residential burglary (Pen. Code, § 220, subd. (b))[1] and rape of an intoxicated person (§ 261, subd. (a)(3)).  The trial court sentenced him to life with the possibility of parole, pursuant to section 220, subdivision (b), and stayed the sentence for the rape, pursuant to section 654.  Appellant contends that the assault with intent to commit rape during a residential burglary merged with the rape, and that the former crime must be reversed.  He bases his contention upon the merger doctrine which precludes liability for second degree felony murder where the underlying felony is assaultive in nature.  (*People v. Chun* (2009) 45 Cal.4th 1172, 1189 (*Chun*); *People v. Ireland* (1969) 70 Cal.2d 522 (*Ireland*).)  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

FACTUAL HISTORY

The pertinent facts are not at issue on appeal. D. was a college student. She became intoxicated during a night of heavy partying with friends. She returned to her apartment and fell asleep on a futon in her living room. A man broke into her apartment through a window. When D. awoke, he was lying on top of her, thrusting his penis into her. The man fled after she awoke. He was later identified by DNA analysis.

DISCUSSION

Appellant contends that we should extend the merger doctrine which limits felony murder rule liability and reverse his conviction of assaulting the victim with the intent to commit rape during a residential burglary. (§ 220, subd. (b).) He argues that the assault merged with the rape of an intoxicated person. (§ 261, subd. (a)(3).) We disagree.

Section 220, subdivision (b) provides in relevant part as follows: "Any person who, in the commission of a burglary of the first degree, as defined in subdivision (a) of Section 460 [a residential burglary], assaults another with intent to commit rape, . . . shall be punished by imprisonment in the state prison for life with the possibility of parole."

It is the duty of this court in construing a statute to ascertain and give effect to the intent of the Legislature. We begin with the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context. (*People v. Farley* (2009) 46 Cal.4th 1053, 1118.) "[T]he power to define crimes and fix penalties is vested exclusively in the legislative branch. The courts may not *expand* the Legislature's definition of a crime nor may they *narrow* a clear and specific definition." (*Id.* at p. 1119 [internal quotation marks and citations omitted].)

Appellant cites *Chun, supra,* 45 Cal.4th at page 1200, and *Ireland, supra,* 70 Cal.2d at page 539, in arguing that the section 220, subdivision (b) assault with the intent to commit rape during a residential burglary "merged" with

2

the section 261, subdivision (a)(3) rape offense.  The *Ireland* court held that assault "merged" with homicide so that assault could not be the underlying felony used to support second degree felony murder.  (*People v. Doyle* (2013) 220 Cal.App.4th 1251, 1263-1264.)  In urging the application of the merger doctrine here, appellant claims that it has been applied "in a variety of assault contexts." He cites only homicide cases, however, as support for that claim. The merger doctrine has consistently been limited to homicide cases.  (*Ibid*.)[2]  Moreover, neither section 220, subdivision (b) nor section 261, subdivision (a)(3) precludes conviction of both crimes.  As required by section 654, the trial court stayed his sentence for the rape.

We decline to extend the merger rule to appellant's assault with intent to commit rape during a residential burglary.  The Legislature defined that crime and fixed its penalty in section 220, subdivision (b).  We can neither narrow its "clear and specific definition" of that crime nor modify the penalty the Legislature fixed for it.  (*People v. Farley, supra*, 46 Cal.4th at p. 1119.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

---

[2] Appellant also argues that application of the merger doctrine in this case "preserves the legislative intent behind . . . section 667.61, subdivision (d)(4)," which provides enhanced penalties for certain felony sex offenses committed during a burglary.  Because the rape at issue here (rape of an intoxicated person in violation of § 261, subd. (a)(3)) is not listed among the offenses which trigger the section 667.61, subdivision (d)(4) enhancement, he urges us to apply the merger doctrine to his case.  We do not find this argument persuasive.

3

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Joseph P. Lee, Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.